1 | **LAW OFFICES OF OVERLAND & OVERLAND**
Mark E. Overland (Cal. State BarNo. 038375)
2 | 100 Wilshire Blvd., Ste. 700
Santa Monica, CA 90401
3 | Tel: 310-459-2830
4 | mark@overlaw.net
**Attorneys for Petitioner**
5 | **DONNA LEE SACCOCCIA**

6 | **UNITED STATES DISTRICT COURT**

7 | **FOR THE DISTRICT OF RHODE ISLAND**

8 | DONNA LEE SACCOCCIA,  Case No. 91-115 (T)

9 | Petitioner

10 | vs.  **PETITION FOR WRIT OF ERROR CORAM NOBIS TO VACATE FORFEITURE JUDGMENT AND MOTION FOR REFUND.**

11 | UNITED STATES OF AMERICA,

12 | Respondent.  **[28 U.S.C. §1651(a); 28 U.S.C. §1355]**

13 | _____

14

15

16 |     Petitioner DONNA LEE SACCOCCIA, hereafter, "Petitioner," respectfully

17 | requests that this Court issue an Order granting a Writ of Error Coram Nobis,

18 | pursuant to 28 U.S.C. § 1651(a), vacating its criminal forfeiture judgment entered

19 | against her, on May 21, 1993, in the amount of $136,344,231.86, all amendments

20 | thereto, and all subsequent related forfeiture orders.

21 |     Pursuant to 28 U.S.C. § 1355, Petitioner also moves this Court for an order

22 | directing that Respondent United States refund all amounts seized by it to date, under

23 | the invalid forfeiture orders and judgments, in an amount according to proof at the

24 | hearing on the motions.

25 |     These Motions are based on the recent United States Supreme Court decision

26 | of *Honeycutt v. United States*, --- U.S.---,137 S. Ct 1626 (2017).

27 |     **FACTUAL BACKGROUND**

28 |     Petitioner alleges as follows:

1.  On April 29, 1994, pursuant to 18 U.S.C. § 1963(a)(3), following her convictions of one Count of RICO Conspiracy and various money laundering counts, in violation of 18 U.S.C.  § 1956 and 1957, after finding Petitioner jointly and severally liable for the entire amount of funds laundered by all her codefendants, the district court entered a final order, forfeiting $136,344,231.86, of Petitioner's real and personal property, as substitute assets, under 18 U.S.C. § 1963(m). See *United States v. Hurley*, 63 F.3d 1 (1st Cir. 1995)(affirming this Court's forfeiture judgment in *United States v. Saccoccia*, 823 F. Supp. 994, 1007(D.R.I. 1993). Petitioner remains subject to the $136,344,231.86 forfeiture order, which she has been paying off in monthly payments.

2.  Petitioner had no prior criminal history. Petitioner is almost 66 years of age, works at a low-paying job, below her educational capabilities, due mainly to her conviction, lengthy period of imprisonment and forfeiture judgment. She currently lives at or near the federally defined poverty level. Petitioner will be unable to repay this forfeiture judgment during her lifetime.

3.  On Petitioner's appeal, after acknowledging that a good argument to the contrary could be made based on the statutory language, the Circuit Court adopted the reasoning of the District Court and held that "proceeds" within the meaning of 18 U.S.C. § 1963(a)(3), are not limited to a defendant's "laundered funds that the defendant personally obtained, but rather, encompass "funds obtained by other members of the conspiracy .... [as long as] "the laundered funds obtained by other members of the conspiracy would be attributed only to the extent that they were reasonably foreseeable to the particular defendant." See *United States v. Hurley*, 63 F.3d 1, 21-22 (1st Cir. 1995).

4.  The District Court never determined the actual "proceeds" obtained by Petitioner prior to its forfeiture order. Rather, the district court found the Petitioner liable to forfeiture in the aggregate amount of "proceeds" obtained by all conspirators.  This court interpreted 18 U.S.C. §1963(a)(3) as requiring forfeiture

from Petitioner of all funds and substitute assets she reasonably could have foreseen
as being obtained by all other coconspirators.

*United States v. Saccoccia*, 823 F. Supp. 994, 1005 (D.R.I. 1993).

## II. MEMORANDUM OF LAW IN SUPPORT OF PETITION FOR WRIT OF ERROR CORAM NOBIS.

### A. *Honeycutt v. United States*

In the landmark case of *Honeycutt v. United States,*
--- U.S.---,137 S. Ct. 1626 (2017) ("*Honeycutt*"), the Supreme Court held that
proceeds forfeited under 21 U.S.C. § 853 (a)(1), are limited "to property the
defendant himself actually acquired as the result of the crime" and rejected the lower
courts' conclusion, as did the District Court in Petitioner's case, that "the Court
cannot construe a statute in a way that negates its plain text, and here, Congress
expressly limited forfeiture to tainted property that the defendant herself obtained.
As explained above, that limitation is incompatible with joint and several liability, as
imposed on Petitioner. See *Honeycutt,* 137 S. Ct 1626, and fn. 2.
*Honeycutt* based its decision on principles of statutory interpretation erroneously
rejected by *United States v. Hurley*, 63 F.3d 1 (1st Cir. 1995), concluding that:

> "Section 853(o) directs that 'the provisions of [§853] shall
> be liberally construed to effectuate its remedial purposes.
> The Government points to this as license to read joint and
> several liability into the statute. But the Court cannot
> construe a statute in a way that negates its plain text, and
> here, Congress expressly limited forfeiture to tainted
> property that the defendant obtained. As explained above,
> that limitation is incompatible with joint and several
> liability." *Id.,* at fn. 2

### B.   The *Honeycutt* Interpretation Of Proceeds Is Applicable To 18 U.S.C. § 1963(a)(3)

This Circuit has recognized that courts consistently have construed the RICO forfeiture statute, 18 U.S.C. §1963, and 21 U.S.C. § 853, in similar fashion. Accordingly, the First Circuit, along with other Circuits has held that "case law under 18 U.S.C. § 1963 is persuasive in construing 21 U.S.C. § 853, and vice versa." *United States v. White*, 116 F.3d 948, 950 (1st Cir. 1997)(holding government need not prove defendant personally used property to conduct illegal activity in section 853 forfeiture action). See, *United States v. McHan*, 101 F.3d 1027, 1042 (4th Cir.1996), cert. denied, 520 U.S. 1281 (1997); *United States v. Libretti*, 38 F.3d 523, 528, n. 6 (10th Cir.1994), aff'd, 516 U.S. 29 (1995); *United States v. Bissell*, 866 F.2d 1343, 1348 n. 3 (11th Cir.1989); *United States v. Benevento*, 663 F. Supp. 1115, 1118 n. 2 (S.D.N.Y.1987), aff'd per curiam, 836 F.2d 129 (2d Cir.1988); see also *United States v. Gjeli*, 867 F. 3d 418, 427-439 (3d Cir. 2017)(forfeitures pursuant to 18 U.S.C. § 1963, and  18 U.S.C. § 981(a)(1)(C); "a review of the text and structure of those statutes reveals that they are substantially the same as the one under consideration in *Honeycutt*. We thus see no reason why the holding in *Honeycutt* does not apply with equal force to those statutes. Joint and several liability therefore cannot be imposed in these cases. Instead, forfeiture is limited to property each defendant himself actually acquired as the result of the crime."  (internal quotations omitted).

### C.   Petitioner Is Entitled To a Writ of Error Coram Nobis.

Pursuant to the All Writs Act, 28 U.S.C. § 1651(a), a district court is authorized to grant the common law writ of error coram nobis. *United States v. Morgan*, 346 U.S. 502, 511 (1954) (holding that the enactment of 28 U.S.C. § 2255 did not supersede the availability of writ of coram nobis).

The writ is available as a "remedy of last resort for petitioners who are no longer in custody pursuant to a criminal conviction and therefore cannot pursue

1   direct review by appeal, or collateral relief by a petition for writ of habeas corpus.

2   *Fleming v. United States*, 146 F.3d 88, 89-90 (2d Cir. 1998). This court is authorized

3   to grant the writ, "under circumstances compelling such action to achieve justice."

4   *Morgan*, supra, 346 U.S. at 511.

5          Although the writ of error coram nobis was available at common law only for

6   errors of fact, its scope has expanded to allow relief for fundamental errors of law.

7   See *DeCecco v. United States,* 485 F.2d 372, 373 (1st Cir.1973) *(*vacating a federal

8   tax conviction based on a subsequent Supreme Court decision providing Fifth

9   Amendment defense to charge); *United States v. Mandel*, 862 F.2d 1067, 1074–75

10  (4th Cir.1988); (jury instructions invalid after a subsequent Supreme Court decision);

11  *United States v. Loschiavo*, 531 F.2d 659, 666–67 (2nd Cir.1976) (conviction

12  vacated because federal offense "never existed," based on subsequent Supreme Court

13  decision); *Cardall v. United States*, 599 F. Supp. 912, 915 (D.Utah 1984) (coram

14  nobis encompasses "legal errors of a fundamental proportion"); *United States v.*

15  *Wickham*, 474 F. Supp. 113, 116 (C.D.Cal.1979) (present-day scope of coram nobis

16  is broad enough to encompass "legal errors of a fundamental proportion"); cf.

17  *United States v. Sawyer*, 239 F.3d 31, 38 (1st Cir. 2001) (writ denied without

18  deciding issue. Finding no fundamental error of law).

19         In determining whether to grant a writ of writ of error coram nobis, courts use

20  a three-part test: a petitioner must 1) explain his failure to seek relief from the

21  judgment earlier; 2) demonstrate continuing collateral consequences from the

22  conviction[1]; and 3) prove that the error is fundamental to the validity of the

23  _____

24  [1] The distinction between direct and collateral consequences depends on whether the consequence
25  represents a definite, immediate, and largely automatic effect on the range of a defendant's
    punishment." *United States v. Bouthot*, 878 F.2d 1506, 1511 (1st Cir.1989) Petitioner continues to
26  suffer from direct consequences from the forfeiture judgment. In criminal cases, the collateral
    consequences requirement means that a defendant wishing to continue his appeals after the
27  expiration of his sentence must suffer some "continuing injury" or "collateral consequence."
    sufficient to satisfy Article III Section 2. When a defendant challenges his underlying conviction,
28  collateral consequences are presumed. See *Sibron v. New York*, 392 U.S. 40, 55 (1968). Petitioner
                                                                              (Continued...)

1  judgment. See *United States v. Sawyer* 239 F.3d at 38; *United States v. Barrett,* 178

2  F.3d 34, 56, n. 20 (1st Cir. 1999).

3  **2. <u>Petitioner Is Justified in Not Seeking Relief from Judgment Earlier.</u>**

4        Prior to June 5, 2017, the date of the Supreme Court decision in *Honeycutt v.*

5  *United States,* --- U.S. ---, 137 S.Ct. 1626, Petitioner had no legal basis for filing a

6  petition for writ of error coram nobis. Thereafter, Petitioner diligently prepared this

7  Petition in a timely manner, within the analogous AEDPA limitations period. This

8  petition is therefore timely. See *Telink. Inc. v. United States,* 24 F.3d 42, 47 (9th Cir.

9  1994)(this requirement ensures a petitioner will not avoid an analogous limitations

10  period as a safe haven for prejudicing the government, willfully delaying the

11  assertion of his or her rights) and raising the claim after the inexcusable delay has

12  impaired the government's ability to respond to the allegations or to proceed to

13  retrial.").

14  **3. *<u>Teague v. Lane</u>* <u>Does Not Preclude Relief.</u>**

15      *Teague v. Lane*, 489 U.S. 288 (1989), bars collateral attack of a final

16  conviction on the basis of a Supreme Court decision that announced a "new rule."

17  Here Petitioner's forfeiture conviction was final years before the June 5, 2017

18  *Honeycutt* decision and Petitioner had long since completed her sentence for the

19  crimes for which she was convicted.

20      *Teague* defined a "new rule" as one that "breaks new ground or imposes a new

21  obligation on the States or Federal Government." See *Teague*, 489 U.S. at 301. The

22  Supreme Court announces a new rule if "the result was not dictated by precedent

23  existing at the time the defendant's conviction became final." *Id*. Here there was no

24

25  _____

26  (...Continued)

thus satisfies the collateral consequences prong of coram nobis relief, by this presumption, since

27  Petitioner challenges the forfeiture judgment against her or by the averments that she remains
substantially affected by the forfeiture judgment. See p.2, ¶2, *supra*.

28

PETITION FOR WRIT OF ERROR CORAM NOBIS AND 28 U.S.C.. §1355 MOTION

1 Supreme Court or First Circuit applicable precedent at the time the forfeiture
2 judgment was rendered against Petitioner. Rather, the Supreme Court in *Honeycutt*
3 first engaged in an interpretation of the relevant statutes in determining that Congress
4 had not intended to impose joint and several liability for conspirators subject to
5 personal forfeiture.

6     Additionally, Petitioner raises a constitutional, nor merely a procedural claim,
7 since joint and several forfeiture liability was not authorized by law. See *United*
8 *States v. Mandel*, 862 F.2d 1067, 1074–75 (4th Cir.1988); (law given to jury in
9 instructions invalid after a subsequent Supreme Court decision); see also *Anderson v.*
10 *Kibbe*, 131 U.S. 145 (1977) (due process requires that each fact necessary to
11 constitute the charged offense be proven.

12     Petitioner is subject to a personal criminal forfeiture judgment pursuant to 18
13 U.S.C. § 1963(a)(3) and alleges a due process violation in the District Court's failure
14 to establish each element of 18 U.S.C. §1983(a)(3).

15 **4. *Honeycutt* Requires the Petition Be Granted.**

16     Petitioner is aware that coram nobis may be granted only in cases of
17 "fundamental" legal error. See *United States v. George*, 676 F. 3d 249, 256 (1st Cir.
18 2012).

19     This is such a case.  See *United States v. Mandel*, 862 F. 2d 1067, 1075 (4th
20 Cir. 1998) (coram nobis granted for instructing jury on elements of charged mail
21 fraud offense later clarified as erroneous by Supreme Court); *United States v.*
22 *Travers*, 514 F.2d 1171 (2d Cir.1974) (same); *United States v. Loschciavo*, 531 F2d
23 650, 666 (2d Cir. 1976) (coram nobis granted where the record discloses no proof of
24 element of the crime charged establishing "fatal constitutional taint for lack of due
25 process of law").

26

27

28 **5.   28 USC 1355 Allows Petitioner To Recover**
**     Forfeited Assets.**

PETITION FOR WRIT OF ERROR CORAM NOBIS AND 28 U.S.C.. §1355 MOTION

1

2

3    Generally, when the United States wrongfully exacts a penalty, the person

4    files an action in the Court of Federal Claims seeking the return of the funds alleged

5    to have been wrongfully obtained by the government. The Tucker Act, 28 U.S.C. §

6    1491, provides jurisdiction in the Court of Federal Claims to recover "exactions"

7    alleged to have been illegally imposed by federal officials (except where Congress

8    has expressly placed jurisdiction elsewhere)." *Aerolineas Argentinas v. United*

9    *States*, 77 F.3d 1564, 1572-73 (Fed.Cir.1996) The Court of Federal Claims, has held

10   that jurisdiction to "recover" forfeitures lies with the district courts pursuant to 28

11   USC 1355; see also *Fischer v. United States,* 96 Fed. Cl. 70, 78 (2011) (noting the

12   jurisdiction of District Courts to adjudicate the validity of illegal forfeitures under 28

13   U.S.C. § 1355(a) (2006); *In Elliott v. United States,* 96 Fed. Cl. 666 (2011), the

14   Court of Federal Claims was faced with the question where a person argued that the

15   government wrongfully exacted a criminal forfeiture from his social security check.

16   The CFC held that 28 U.S.C. § 1355 provided jurisdiction with district courts for the

17   plaintiff to challenge the execution of the criminal forfeiture order.  Therefore, this

18   Court has the authority to review the wrongful exaction and vacate the Forfeiture

19   Order pursuant to 28 U.S.C. § 1355, considering that *Honeycutt* invalidated the

20   judgment.

21       In the alternative, petitioner may obtain the return of property illegally

22   forfeited to the United States as part of the coram nobis remedy without having to

23   file a separate Tucker Act lawsuit to recover the property. See *Pasha v. United*

24   *States*, 484 F.2d 630, 632 (7th Cir. 1973); *DeCecco v. United States,* 485 F.2d 372,

25   373 (1st Cir. 1973) (incident to coram nobis order vacating criminal judgment,

26   District Court may order return of fine paid as result of judgment without formal

27   Tucker Act pleading).

28

1
2
3 **CONCLUSION.**
4
5
6        The district court imposed a personal $136,344,231.86 criminal forfeiture
7 judgment on Petitioner, who is obligated to pay this amount to the United States for
8 the rest of her life.  In imposing the judgment, the district court misapplied the
9 statutory prerequisites for the judgment, as subsequently interpreted by *Honeycutt.*
10       This misapplication of the law constituted substantial constitutional error
11 contrary to the Due Process guarantee of the Fifth Amendment.
12       As shown above, Petitioner has satisfied all prerequisites for the issuance of a
13 Petition for writ of error coram nobis vacating the forfeiture judgment of the District
14 Court and requiring the return of property seized and forfeited by the government
15 under the judgment which must be vacated.
16       For all of the foregoing, Petitioner respectfully requests that this Court issue
17 the writ of error coram nobis.
18       Respectfully submitted,
19 Dated: May 3, 2017          LAW OFFICES OF OVERLAND & OVERLAND
20                   By:___*Mark E Overland*_____
21                        Mark E. Overland
22                        Attorneys for Petitioner
                         DONNA LEE SACCOCCIA
23
24
25
26
27
28

1
2          **VERIFICATION**
3
4
5        I am the Petitioner in this Petition for Writ of Error Coram Nobis and have
6 read the foregoing PETITION FOR WRIT OF ERROR CORAM NOBIS and know
7 its FACTUAL BACKGROUND allegations.
8
         I am a party to this action. The matters stated in the FACTUAL
9
BACKGROUND part of this petition are true to the best of my knowledge and
10
belief.
11
         Executed this 2nd day of May, 2018, at Cranston, Rhode Island.
12
13
         I declare under penalty of perjury that the foregoing is true and correct.
14
15
16
17              Donna Lee Saccoccia
18
19
20
21
22
23
24
25
26
27
28

**LAW OFFICES OF OVERLAND & OVERLAND**
Mark E. Overland (Cal. State BarNo. 038375)
100 Wilshire Blvd., Ste. 700
Santa Monica, CA 90401
Tel. 310-459-2830
mark@overlaw.net

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DONNA LEE SACCOCCIA, | Case No. 91-115 (T) |
| Petitioner | |
| vs. | **MOTION FOR PRO HAC VICE ADMISSION.** |
| UNITED STATES OF AMERICA, | **[D.R.I. Loc. R. 5]** |
| Respondent. | |

Pursuant to D.R.I. Loc. R. 5, Mark E. Overland respectfully moves that this issue an Order allowing him to represent as counsel *pro hac vice* , Petitioner Donna Lee Saccoccia ("Petitioner"),in the above-entitled case, No, 81-115 (T), involving her Petition for Writ of Error Coram Nobis to this Court. This motion is based on the long-standing legal relationship between Ms. Saccoccia and the moving party.

Attached hereto, as required by Local Rule 5 is an executed Attorney Certification for Admission *Pro Hac Vice*.

Respectfully submitted,

Dated: May 3, 2017        LAW OFFICES OF OVERLAND & OVERLAND

_By: _*Mark E Overland*_____
Mark E. Overland

is and have

STATE OF RHODE ISLAND
U.S. DISTRICT COURT DIST RI , SC

_____ COURT

DONNA LEE SACCOCCIA

         v.

UNITED STATES OF AMERICA

:
:
:
:
:
:

C.A. No. 91-115(T)

## ATTORNEY CERTIFICATION FOR ADMISSION PRO HAC VICE
### SUPREME COURT ARTICLE II, RULE 9(A)

☑   I certify that I am a member in good standing of the bar of the following State(s) without any restriction on my eligibility to practice, and that I understand my obligation to notify this Court immediately of any change to my status in this respect. (*Attach additional pages if needed.*)

| Jurisdiction | Dates of Admission | Bar Number | Current Status |
|---|---|---|---|
| CALIFORNIA | OCTOBER, 1966 | 038375 | ACTIVE |
| NEW YORK | MARCH, 1986 | 1989656 | ACTIVE |
| | | | |
| | | | |
| | | | |

☑   I certify that I am not currently disbarred or suspended in any court.

☑   Below is a complete list of all matters in which I have been sanctioned or disciplined. (*Attach additional pages if needed.*)

| Jurisdiction/Authority | Caption/Case Number | Nature of Allegations | Action Taken |
|---|---|---|---|
| N/A | | | |
| | | | |
| | | | |
| | | | |

Supreme-5 (revised March 2017)

☐ The following is a complete and accurate list of *all* proceedings in which I have applied for pro hac vice admission pursuant to Article II, Rule 9(a) of the Supreme Court Rules on the Admission to Practice Law. *(Attach additional pages if needed. Attach docket sheets for all cases listed below and copies of all court orders pertaining to your admission pro hac vice.)*

| Court Filed | Case Name/Number | Date Filed | Admission Granted? |
|---|---|---|---|
| DISTRICT COURT RI | 913 F.Supp. 129 | JANUARY 19, 1996 | YES |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

☑ I have read and certify that the Miscellaneous Petition for Admission Pro Hac Vice filed by local counsel with this certification contains true and accurate information regarding my experience which provides the basis for my admission pro hac vice.

☑ I have read, acknowledge, and agree to observe and to be bound by the local rules and orders of this Court, including the Rules of Professional Conduct of the Rhode Island Supreme Court, as the standard of conduct for all attorneys appearing before it.

☑ I acknowledge that if specially admitted to appear in the above-entitled matter that I will be subject to the disciplinary procedures of the Rhode Island Supreme Court. I hereby authorize the disciplinary authorities of the bar of the State(s) listed above to release any information concerning my practice in said State(s) pursuant to the request of the Disciplinary Counsel of the Rhode Island Supreme Court.

☑ For purposes of this case I have associated with local associate counsel identified below, and have read, acknowledge, and will observe the requirements of this Court respecting the participation of local associate counsel, recognizing that failure to do so may result in my being disqualified, either upon the Court's motion or motion of other parties in the case.

Supreme-5 (revised March 2017)

_Mark E Overland_
Signature

Mark E. Overland
Print Name

OVERLAND & OVERLAND
Firm Name

100 Wilshire , No, 700, Santa Monica CA 90401
Business Address

## CERTIFICATION OF LOCAL ASSOCIATE COUNSEL

I certify that I have read and join in the foregoing Certification, and acknowledge and agree to observe the requirements of this Court as related to the participation and responsibilities of local associate counsel.

_Charles J Reilly_
Signature

Charles J Reilly
Print Name

2179
Rhode Island Bar Number.

Law Offices of Reilly & Assoc LLC
Firm Name

321 South MAIN St Suite 580
Business Address   Providence RI
02903

Supreme-5 (revised March 2017)